**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4345**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

JAMAAL RASHAAD BYERS,

                    Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Anderson.  Bruce H. Hendricks, District Judge.  (8:15-cr-00838-BHH-1)

Submitted:  December 19, 2017                Decided:  December 21, 2017

Before SHEDD, AGEE, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Wallace H. Jordan, Jr., Florence, South Carolina, for Appellant.  Elizabeth Jeanne Howard, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jamaal Rashaad Byers appeals the 37-month sentence imposed following his guilty plea to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (2012). On appeal, counsel for Byers filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning whether the sentencing factors relied upon by the district court were factually supported, but concluding that there are no meritorious grounds for appeal. Although notified of his right to do so, Byers has not filed a pro se supplemental brief. Finding no reversible error, we affirm.

We review a sentence for reasonableness, applying a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51-52 (2007). We "must first ensure that the district court committed no significant procedural error," such as improperly calculating the Sentencing Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2012) sentencing factors, or inadequately explaining the sentence imposed. *Id.* at 51.

Counsel suggests that the Government's sentencing argument—that Byers created a dangerous situation by driving without a license in a vehicle that contained a gun and marijuana—was not supported by the record. However, the district court did not adopt this argument. Rather, the court determined the sentence based on the need to protect the public and to rehabilitate Byers, *see* 18 U.S.C. § 3553(a)(2)(C), (D), and relied on the undisputed facts that the instant offense was committed while Byers was on probation, that the offense involved a firearm, and that, within the last few years, Byers was convicted of burglary and strong arm robbery. In addition, the district court correctly

2

calculated the Guidelines range and amply explained its sentencing decision. We therefore conclude that Byers' sentence is procedurally reasonable.

Having found no procedural error, we examine the substantive reasonableness of Byers' sentence under "the totality of the circumstances." *Gall*, 552 U.S. at 51. The sentence imposed must be "sufficient, but not greater than necessary," to satisfy the goals of sentencing. 18 U.S.C. § 3553(a). We presume on appeal that a within-Guidelines sentence is substantively reasonable. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). Here, by not showing that his within-Guidelines sentence "is unreasonable when measured against the . . . § 3553(a) factors," Byers has failed to rebut this presumption. *Id.*

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Byers' conviction and sentence.[*] This court requires that counsel inform Byers, in writing, of the right to petition the Supreme Court of the United States for further review. If Byers requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Byers.

---

[*] To the extent Byers raises a legal sufficiency challenge, *United States v. Gosselin World Wide Moving, N.V.*, 411 F.3d 502, 515 (4th Cir. 2005), his constructive possession of the firearm was sufficient to support his § 922(g)(1) conviction, *United States v. Lawing*, 703 F.3d 229, 240 (4th Cir. 2012).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*